874 So.2d 709 (2004)
MAXWELL BUILDING CORPORATION, Michael Maxwell, Matthew Bartlett and Accountable Designer Services, LLC, Appellants,
v.
EURO CONCEPTS, LLC d/b/a The Kitchen Company, and Michael Banks, Appellees.
No. 4D03-4139.
District Court of Appeal of Florida, Fourth District.
June 2, 2004.
*710 Raymond M. Masciarella II of Raymond M. Masciarella II, P.A., North Palm Beach, for appellants.
Julie K. Oldehoff of Oldehoff Law Offices, P.A., Stuart, for appellee Michael Banks.
GROSS, J.
Maxwell Building Corporation, Michael Maxwell, Matthew Bartlett, and Accountable Designer Services, LLC (collectively referred to as "Maxwell") appeal a final order vacating an award of attorney's fees pursuant to 57.105, Florida Statutes (2002), against Euro Concepts, LLC and its former attorney, appellee Michael Banks.
The effect of the final order was to deny Maxwell's motion for attorney's fees. The court held that Maxwell had not complied with the procedural requirements of the statute. Finding no breach of section 57.105 procedures, we reverse.
On January 3, 2002, Maxwell sued Euro Concepts for breach of contract. In its March 29, 2002 counterclaim, Euro Concepts raised three claims: civil theft, conversion, and breach of contract. A July 1, 2002 amended counterclaim maintained the original civil theft and conversion counts. A second amended counterclaim, filed on July 31, 2002, contained the identical civil theft and conversion counts.
On September 17, 2002, Maxwell moved for summary judgment as to the civil theft and conversion counts. On October 4, 2002, Maxwell moved for attorney's fees pertaining to the civil theft and conversion claims pursuant to section 57.105. Complying with section 57.105(4), Maxwell had served the motion for attorney's fees on September 11, 2002.
Euro Concepts filed a third amended counterclaim on December 6, 2002. The new pleading contained the same civil theft and conversion counts that had been a part of the case since the original counterclaim.
Maxwell's answer to the third amended counterclaim sought attorney's fees under section 57.105. On January 17, 2003, Maxwell filed a motion for summary judgment directed at the civil theft and conversion counts of the third amended counterclaim. The motion also sought attorney's fees under section 57.105 because Euro Concepts and its counsel "knew or should have known" that the civil theft and conversion claims "were not supported by any material facts or the law as applied to those facts."
On March 6, 2003, the trial court entered an order granting Maxwell's motion for summary judgment on the civil theft and conversion claims. Subsequently, after a hearing, the court entered an order granting Maxwell's motion for attorney's fees. The court found that Euro Concepts and "Michael Banks Esquire knew or should have known at the inception of this case that the claims raised by the Defendant in Counts VII and VIII of the Defendant's Third Amended Counterclaim were meritless in that they were not supported by any material fact or the law as applied to any material fact." The court ordered Euro Concepts and Michael Banks each to pay one-half of Maxwell's attorney's fees, with the amount to be determined at a later hearing.
Banks moved for rehearing. He argued that Maxwell failed to comply with the statutory notice requirements of section 57.105. Banks alleged that the October 4, 2002 motion was directed at the second amended counterclaim, not the third amended counterclaim. The trial court *711 granted the motion for rehearing and vacated its July 23, 2003 order which granted attorney's fees. In vacating its previous order, the court ruled, inter alia, that Maxwell was required to file a motion for attorney's fees directed at the third amended counterclaim:
2. That Defendant's Second Amended Counterclaim was superseded by the filing of its Third Amended Counterclaim.
3. That this Court granted Plaintiff's Motion for Summary Judgment directed to Counts VII and VIII of Defendant's Third Amended Counterclaim.
4. That Plaintiff did not file a Motion under Fla. Stat. Section 57.105 directed toward the Third Amended Counterclaim.
...
6. That Plaintiff failed to strictly comply with the terms of Fla. Stat. Section 57.105 and is thereby precluded from recovery under that statute.
Contrary to the trial court's ruling, it was not necessary for Maxwell to serve and file a second motion for attorney's fees directed at the third amended counterclaim in order to preserve its section 57.105 claim.
Maxwell's requests for attorney's fees in its summary judgment motion and in the answer to the third amended counterclaim were sufficient to preserve a claim for relief under section 57.105. See, e.g., Freedom Commerce Ctr. Venture v. Ranson, 823 So.2d 817, 819 (Fla. 1st DCA 2002) (finding that a motion for summary judgment that mentioned a request of fees pursuant to section 57.105 was sufficient as a motion for fees); Miami-Dade County v. Imagine Props., Inc., 752 So.2d 129, 130 (Fla. 3d DCA 2000); Landry v. Countrywide Home Loans, Inc., 731 So.2d 137, 140 (Fla. 1st DCA 1999) (finding that a request for attorney's fees under section 57.105 in the pleading and in the body and the prayer for relief portion of a motion for summary judgment was sufficient even though statutory reference was not made in the motion for summary judgment).
Although not addressed by the trial judge, we turn to Banks's contention that Maxwell failed to comply with section 57.105(4), which provides:
A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.
Section 57.105(4) is a procedural change in the statute that became effective July 1, 2002. See Ch.2002-77, § 1-2 at 908-09, Laws of Fla.
The primary purpose of section 57.105(4) is not to spring a procedural trap on the unwary so that valid claims are lost. Rather, its function is to give a pleader a last clear chance to withdraw a frivolous claim or defense within the scope of subsection (1) or to reconsider a tactic taken primarily for the purpose of unreasonable delay under subsection (3). Having the parties police themselves, instead of requiring judicial intervention on section 57.105 issues, promotes judicial economy and minimizes litigation costs.
In this case, Euro Concepts and Banks had well more than twenty-one days to withdraw the civil theft and conversion claims, so that we do not find a section 57.105(4) violation that precludes recovery. The claims first appeared in the March 29, 2002 counterclaim and were included in the same form in all the amended counterclaims. Maxwell mounted its first section 57.105 attack on the civil theft and conversion counts in a motion filed on October 4, *712 2002, which had been served in compliance with section 57.105(4) on September 11, 2002. Banks and Euro Concepts did not eliminate the offending counts from the case. Instead, they filed a third amended counterclaim on December 6, 2002, which contained the identical civil theft and conversion counts. Banks and Euro Concepts had the chance afforded by the statute to withdraw the claims before section 57.105 liability was triggered; they did not avail themselves of the opportunity.
Because it was based on erroneous legal grounds, we reverse the order granting the motion for rehearing and remand to the circuit court for further proceedings.
WARNER and KLEIN, JJ., concur.