932 So.2d 1251 (2006)
Jeffrey VANDERPOL, Appellant,
v.
Renee FRENGUT, John Bellantoni, John Burdick, Roy MacNaughton, Ted Landau for Francis S. Landau Trust, James & Judith Carpenter, William & Angelija Rendina, Psychological Insights, Inc., a Florida corporation, Gregory A. Martin, Gregory A. Martin & Associates, P.A., Adorno & Zeder, P.A., Ralph Guertin, Henry N. Adorno, Jon W. Zeder, George T. Yoss, and John Doe, Appellees.
No. 4D05-3459.
District Court of Appeal of Florida, Fourth District.
July 12, 2006.
Rehearing Denied August 3, 2006.
*1252 Dawn M. McMahon and Roderick F. Coleman of Coleman & Associates, P.A., Boca Raton, for appellant.
Donna M. Greenspan of Edwards Angell Palmer & Dodge, LLP, West Palm Beach, for appellees Renee Frengut, John Bellantoni, and Psychological Insights, Inc., a Florida corporation.
HAZOURI, J.
Appellant, Jeffrey Vanderpol, appeals the trial court's order entitling appellees, Renee Frengut, John Bellantoni and Psychological Insights, Inc., to attorney's fees and the judgment entered thereafter awarding appellees attorney's fees. We reverse.
In Frengut v. Vanderpol, 927 So.2d 148 (Fla. 4th DCA 2006), this court affirmed the dismissal of appellees' action against appellant relying on the two-dismissal rule. Upon remand, the trial court entered an order of dismissal.
Appellant filed a motion for attorney's fees pursuant to Florida Rule of Civil Procedure 1.442 alleging that he was the prevailing party who had filed a proposal for settlement in favor of the appellees. Because appellant's proposal for settlement was invalid under section 768.79 and rule 1.442, appellees served a motion for attorney's fees requesting sanctions under section 57.105(1), Florida Statutes (2003), asserting that appellant and his attorney knew or should have known that appellant's motion for fees was not supported by the then-existing law as applied to the facts. Upon service of such a motion, section 57.105(4) provides:
(4) A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.
Within twenty-one days after appellant was served with appellees' motion, appellant filed a motion to amend his motion for attorney's fees to claim entitlement to attorney's fees under section 57.105 based upon appellees' forum shopping and the subsequent dismissal of appellees' claim based upon the two-dismissal rule. In his *1253 motion, appellant conceded that his proposal for settlement was invalid and specifically withdrew his claim for attorney's fees on that ground.
After appellant withdrew his motion and contrary to section 57.105(4), appellees filed their motion with the court. The trial court held a hearing upon various motions including appellees' motion for fees and appellant's original motion. Even though appellant had withdrawn his motion, the trial court inexplicably ruled that appellees were entitled to attorney's fees pursuant to their motion. The trial court also denied the motion appellant had withdrawn.
In this appeal, appellant argues that he timely withdrew his request for fees as permitted by section 57.105(4) and on that basis appellees were not permitted to file with or present to the court their motion for fees. We agree.
In Maxwell Building Corp. v. Euro Concepts, LLC, 874 So.2d 709 (Fla. 4th DCA 2004), this court held:
The primary purpose of section 57.105(4) is not to spring a procedural trap on the unwary so that valid claims are lost. Rather, its function is to give a pleader a last clear chance to withdraw a frivolous claim or defense within the scope of subsection (1) or to reconsider a tactic taken primarily for the purpose of unreasonable delay under subsection (3). Having the parties police themselves, instead of requiring judicial intervention on section 57.105 issues, promotes judicial economy and minimizes litigation costs.
Id. at 711.
Appellant withdrew his motion well within the twenty-one day period provided for in section 57.105(4). Therefore, we find that appellees were not permitted to file their motion and that the trial court erroneously considered it. We reverse the trial court's award of attorney's fees to appellees.
Reversed.
GUNTHER and MAY, JJ., concur.