948 So.2d 918 (2007)
Richard BURGOS and Duran Schmidt, Appellants,
v.
Jose A. BURGOS, Appellee.
No. 4D06-1065.
District Court of Appeal of Florida, Fourth District.
February 14, 2007.
Kenneth Eric Trent of Kenneth Eric Trent, P.A., Fort Lauderdale, for appellants.
No appearance for appellee.
HAZOURI, J.
Appellants, Richard Burgos and Duran Schmidt, appeal from the trial court's order granting attorney's fees to appellee, Jose A. Burgos, pursuant to section 57.105, Florida Statutes (2005). We reverse.
Appellants filed a complaint for defamation against appellee on May 25, 2005. Appellee filed a motion to dismiss on June 7, 2005. Appellee filed his Answer and Affirmative Defenses on June 14, 2005. In the Answer, after denying the allegations, appellee requested the court to set the case for trial and "award attorney's fees pursuant to F.S. 57.105." Appellee asserted truth as his affirmative defense.
On January 20, 2006, appellants filed their Notice of Voluntary Dismissal which had been faxed and mailed to appellee's attorney on January 12, 2006.
On January 23, 2006, appellee filed his Motion for Attorney's Fees alleging that "this matter clearly had no justiciable issues" and requested fees under section 57.105, Florida Statutes. The trial court granted the appellee's request for attorney's fees, awarding fees in the amount of $1,280.
Section 57.105(4), Florida Statutes (2005), provides: "A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, *919 allegation, or denial is not withdrawn or appropriately corrected."
In Vanderpol v. Frengut, 932 So.2d 1251 (Fla. 4th DCA 2006) (quoting Maxwell Building Corp. v. Euro Concepts, LLC, 874 So.2d 709, 711 (Fla. 4th DCA 2004)), this court stated:
The primary purpose of section 57.105(4) is not to spring a procedural trap on the unwary so that valid claims are lost. Rather, its function is to give a pleader a last clear chance to withdraw a frivolous claim or defense within the scope of subsection (1) or to reconsider a tactic taken primarily for the purpose of unreasonable delay under subsection (3). Having the parties police themselves, instead of requiring judicial intervention on section 57.105 issues, promotes judicial economy and minimizes litigation costs.
Vanderpol, 932 So.2d at 1253.
The appellee failed to comply with the requirements of section 57.105(4). Therefore, the trial court erred in granting attorney's fees under section 57.105. We reverse with directions that the trial court vacate the order awarding attorney's fees.
Reversed with Directions.
GUNTHER and POLEN, JJ., concur.