WALLACE, Judge,
Dissenting.
I respectfully dissent. The first sentence of the final judgment under review states: “THIS CAUSE came to be heard on January 26, 2009[,] on the Husband’s ‘Motion to Tax Attorneys’ Fees and Costs.’ ” Undeniably, the subject of the hearing which resulted in the award of attorney’s fees in favor of Mr. Koch and against Mrs. Koch was Mr. Koch’s motion, not a court-initiated proceeding for the imposition of fees. Here, as in Davidson v. Ramirez, 970 So.2d 855 (Fla. 3d DCA 2007), the trial court adopted Mr. Koch’s motion as its own in order to make the award of attorney’s fees against Mrs. Koch. The result is to frustrate “[t]he legislative intent ... to require the twenty-one-day notice whenever a subsection 57.105(5) motion is filed by a party.”[3] Id. at 856. Because the motion that was the basis for the fee award was a party-filed motion, the requirements of subsection 57.105(4) had to be observed. Id.
*326 Mr. Koch did not file his motion to tax attorney’s fees and costs until after the trial court had ruled on the motion to set aside the MSA, when the litigation was substantially at an end. It is undisputed that Mr. Koch’s motion did not comply with the procedural requirements of subsection 57.105(4). Thus Mrs. Koch was deprived of the benefit of the safe-harbor provision of the statute in deciding whether or not to continue her effort to set aside the MSA. Because Mr. Koch failed to comply with the requirements of subsection 57.105(4) to the detriment of Mrs. Koch, I would reverse the final judgment for attorney’s fees on the authority of Davidson.
The majority attempts to distinguish the facts of this case from Davidson. However, I believe that the minor factual differences between Davidson and this case are not significant. In addition, the majority’s discussion of Davidson suggests that it fundamentally disagrees with the Third District’s reasoning in that case. If so, it would be appropriate to certify direct conflict with Davidson so that Mrs. Koch can seek further review if she is so inclined.

. Although Mr. Koch did not specifically reference section 57.105 in his motion, he sup *326 plemented the motion with a letter to the trial court asserting that it had the ability to award fees in accordance with subsection 57.105(1).