LAGOA, J.
The City of North Miami Beach (the “City”) appeals from a final order awarding Juan D. Berrio his attorney’s fees pursuant to section 57.105, Florida Statutes (2009). Because the motion for attorney’s fees should have been denied for noncompliance with the twenty-one day “safe harbor” provision of subsection 57.105(4), Florida Statutes, we reverse.
On March 25, 2009, Officer Hernandez of the City of North Miami Beach conducted a traffic stop of Michael Hurtado (“claimant”) for dark window tints. Hernandez searched the vehicle, a 2005 Infiniti Q 56 SUV, and discovered marijuana within a closed zip-lock bag inside a plastic grocery bag. Hernandez arrested the claimant and charged him with possessing a third degree felony amount of marijuana pursuant to section 893.13, Florida Statutes. The vehicle was impounded.
After receiving a notice of seizure of personal property, the claimant retained attorney Berrio. On April 9, 2009, the City filed a verified complaint for final order of forfeiture pursuant to sections 932.701 and 932.704, Florida Statutes (2007). Subsequently, on August 11, 2009, the trial court entered an order granting the claimant’s motion for summary judgment and ordered the immediate return of the vehicle to the claimant.
The City did not return the vehicle, and on September 11, 2009, the claimant filed a motion for damages, attorney’s fees, and costs pursuant to subsection 932.704(10) and section 57.105. Approximately one week after receiving the motion, the City returned the vehicle.
After a hearing, the trial court concluded that fees under section 57.105 were appropriate, and subsequently entered an order awarding fees to Berrio in the amount of $13,500, and to an expert witness in the amount of $l,215.[1] The City appeals.
Section 57.105 provides, in relevant part:
(1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
[[Image here]]
(4) A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allega *715 tion, or denial is not withdrawn or appropriately corrected.
On appeal, the City argues that the trial court erred in granting the motion for attorney’s fees and costs because the claimant failed to follow the twenty-one day “safe harbor” provision of subsection 57.105(4). See generally Nathan v. Bates, 998 So.2d 1178 (Fla. 3d DCA 2008); Burgos v. Burgos, 948 So.2d 918 (Fla. 4th DCA 2007); O’Daniel v. Bd. of Comm’rs, 916 So.2d 40 (Fla. 3d DCA 2005). The City points to the undisputed fact that the claimant failed to serve his motion for fees on the City twenty-one days prior to filing the motion with the clerk and presenting it to the trial court. The City also argues that the claimant failed to adhere to the requirements of subsection 57.105(4) by filing its motion on September 11, 2009, one month after the trial court entered the order granting the claimant’s motion for summary judgment. See O’Daniel, 916 So.2d at 41 (holding that motion for attorney’s fees was untimely under subsection 57.105(4) where motion was served and filed following the conclusion of the trial).
Based on the authority of Davidson v. Ramirez, 970 So.2d 855 (Fla. 3d DCA 2007), we agree with the City that the trial court erred in granting the claimant’s motion for attorney’s fees and costs. In that case, this Court reversed an award of attorney’s fees where the party filing the motion for fees failed to comply with the notice provision set forth in subsection 57.105(4), but the trial court awarded fees on its own initiative under subsection 57.105(1). This Court found that “[i]n essence the court adopted the defendant’s motion as the court’s own motion and awarded attorney’s fees” and reversed, concluding that:
[T]his procedure is contrary to the intent of the statute. The legislative intent is to require the twenty-one-day notice whenever a subsection 57.105(5)[2] motion is filed by a party. It would frustrate the legislative intent to avoid the twenty-one-day notice by allowing the court to adopt the party-filed motion as the court’s own. Since this was a party-filed motion, the subsection 57.105(4) notice period had to be observed.
970 So.2d at 856.
Berrio argues that this case can be distinguished from Davidson because the trial court did not merely adopt the motion for fees, but rather, awarded fees pursuant to its own initiative as provided in subsection 57.105(1). See § 57.105(1), Fla. Stat. (2010) (providing that “[u]pon the court’s initiative” the court shall award a reasonable attorney’s fee to the prevailing party when the losing party “knew or should have known that the claim or defense ... was not supported by the material facts necessary to establish the claim or defense”); see, e.g., Koch v. Koch, 47 So.3d 320 (Fla. 2d DCA 2010) (distinguishing Davidson and affirming award of attorney’s fees where record showed that trial court did not simply adopt motion for fees). We find this argument unsupported by the record as the award was clearly in response to the claimant’s motion for fees and the subsequent hearing on that motion.
Because this case is on all fours with Davidson, we are compelled to reverse the order on appeal awarding Berrio his attorney’s fees and costs. Accordingly, we re *716 verse with directions to the trial court to vacate the order awarding attorney’s fees and costs.
Reversed and remanded with directions.

. The trial court denied the motion for fees under section 932.704, and Berrio did not appeal that denial.

. Davidson states that the defendant moved for fees under subsection 57.105(5), Florida Statutes (2005). That subsection provides that in administrative proceedings, an administrative law judge shall award reasonable attorney’s fees “upon the same basis as provided in subsections (l)-(4)."