47 So.3d 320 (2010)
Sandra A. KOCH, Appellant,
v.
Wesley E. KOCH, Appellee.
No. 2D09-1514.
District Court of Appeal of Florida, Second District.
September 22, 2010.
Rehearing Denied November 18, 2010.
*321 Andra T. Dreyfus and Morten B. Christoffersen of Andra Todd Dreyfus, P.A., Clearwater, for Appellant.
William A. Borja, Clearwater; and Simone Lennon, Clearwater, for Appellee.
VILLANTI, Judge.
Sandra Koch, the former wife, appeals a final judgment that ordered her to personally pay Wesley Koch, the former husband, his attorney's fees as a sanction under section 57.105(1), Florida Statutes (2008), for legal work done by Mr. Koch's attorney in response to Mrs. Koch's motion to set aside the parties' marital settlement agreement (MSA). Because the trial court did not abuse its discretion in entering the fee award as a sanction, we affirm.
The facts underlying this appeal paint a picture of a simple dissolution of marriage that one would typically expect to proceed uncontested. The parties generated few assets and liabilities during their short-term marriage, were on relatively equal financial and employment footing, raised no alimony or special equity issues, and had no children together. What few assets the parties had were equitably divided by them in the MSA.
In February 2007, Mr. Koch informed Mrs. Koch that he wanted a divorce. Thereafter, by her own choice, Mrs. Koch engaged in settlement negotiations with Mr. Koch without the benefit of counsel. Based upon her prior divorce experience and her desire to save attorney's fees, Mrs. Koch knowingly elected to represent herself. After negotiations with Mr. Koch that lasted a little over a month, Mrs. Koch signed the MSA prepared by Mr. Koch's attorney, which divided the couple's modest assets, personal belongings, and liabilities. Thereafter, relying on the parties' MSA, Mr. Koch filed a petition for an uncontested dissolution of marriage and scheduled a final hearing.
However, before the final hearing took place, Mrs. Koch retained counsel. Thereafter, Mrs. Koch's counsel moved to set aside the MSA, alleging (1) that she had signed it because of harassment, coercion, duress, and overreaching by Mr. Koch; (2) that because there had been a lack of financial disclosure by Mr. Koch, she did not have an accurate picture of Mr. Koch's finances before she signed the MSA; and (3) that she had discovered that Mr. Koch had a credit card that was previously unknown to her and that he had a separate savings and checking account. We hasten to point out that there is no contention that Mrs. Koch's pleading was filed as a result of any obstreperous conduct of her counsel.
Mr. Koch did not file a response to Mrs. Koch's motion to set aside the MSA, but in response to her requests for financial information he filed two motions for protective orders. Those motions requested attorney's fees, stating: "[Mr. Koch] has incurred reasonable attorney fees and *322 costs in bringing this motion for protective Order and [Mrs. Koch] is well able to afford and pay for the attorney fees and costs." One of the two motions also stated that Mrs. Koch's claim that Mr. Koch had not disclosed certain bank account and credit card information to her before signing the MSA was false. However, Mr. Koch did not prevail on those motions and accordingly was not awarded fees at that time. Mr. Koch made no other request for attorney's fees until after the trial court ruled on the merits of Mrs. Koch's motion to set aside the MSA.
At the evidentiary hearing on Mrs. Koch's motion to set aside the MSA, the trial court received evidence establishing that the information Mrs. Koch allegedly had not received prior to signing the MSA had, in fact, been at her disposal beforehand. Predicated on the evidence, the trial court found that Mrs. Koch had no factual or legal basis to set aside the MSA because there had been no concealment of financial information. The court further found that Mr. and Mrs. Koch had negotiated the MSA at arms' length for a month and that Mrs. Koch had been an active participant in the negotiations. Thus, the court denied Mrs. Koch's motion to set aside the MSA. Despite there being no pending motion for fees filed by Mr. Koch, at the end of the hearing the trial court stated without any objection: "I'm not going to grant fees to either one of you, because we haven't had a fee hearing." The court subsequently entered a written order finding that Mrs. Koch had failed to demonstrate that Mr. Koch committed fraud, duress, coercion, overreaching, or misrepresentation during the MSA negotiations, and it denied Mrs. Koch's motion to set aside the MSA. Importantly, the trial court specifically reserved jurisdiction, of its own volition, to consider an award of attorney's fees.
Thereafter, Mr. Koch filed a motion to tax fees and costs, alleging that Mrs. Koch had filed the motion to set aside the MSA without legal basis and to harass him. This motion did not state the specific legal authority under which Mr. Koch sought fees. At the hearing on Mr. Koch's fee motion the court stated:
I am inclined to award fees to them [Mr. Koch and his attorney], because I do recall the course of the litigation. However, I want you to write something to me, about two pages each, about my ability to do that, without having been pled to, and if they've been pled for and requested several times.
. . . .
I do recall a lot of the difficulty between the two of you, which is apparent still today. I don't understand why, or whether it's just this case or whether it's every case. But, you know, I would be inclined to order some fees, if I can. ...
So, I will look at that, if I'm entitled to. So I'll give you both about five days to write something for me, and get it back over here, regarding my ability to award fees.
In response, Mrs. Koch filed a memorandum in opposition to Mr. Koch's motion to tax fees and costs in which she argued that Mr. Koch was not entitled to an award of fees because he had not sufficiently pleaded a request for fees prior to the court's ruling on the motion to set aside the MSA and because he had not given notice of his intent to seek fees if she proceeded with litigation.
Six weeks later, the trial court issued an order awarding fees to Mr. Koch. The court found that Mrs. Koch's motion to set aside the MSA had been "unnecessary" and had "needlessly extended the litigation." The court noted that "none of the discovery that the Wife requested yielded any `new' evidence other than that which *323 was available prior to her having signed the MSA." Mrs. Koch knew or should have known that the parties never had substantial assets between them, and her contention that assets were being "hidden" from her prior to entering the MSA was "facetious" because all the items "discovered" by her motion turned out to be the same "exact items she had accessible to her all along." The court found that Mrs. Koch was a "competent, rational, and intelligent person, [who] knew or should have known that the MSA she had made was based upon data available to both parties prior to signing of the contract and that she was propelling forward litigation that she had no reason to believe to be successful." Based on these findings and relying exclusively on the discretion conferred upon it by section 57.105(1), the court ordered Mrs. Koch to pay Mr. Koch $18,650 in attorney's fees.[1] This appeal followed.
On appeal, Mrs. Koch does not contest the amount of the fee award, but she argues that the trial court could not award any fees as a sanction under section 57.105(1) because its order was not truly initiated by the court and simply adopted Mr. Koch's fee motion. In support of her argument, she relies on Davidson v. Ramirez, 970 So.2d 855 (Fla. 3d DCA 2007). In Davidson, the defendant filed a motion for attorney's fees under section 57.105(5) after the court dismissed the amended complaint. Id. at 856. The motion was invalid because the defendant had not complied with section 57.105(4), which requires that a party give twenty-one days' notice to the opposing party before filing a motion for sanctions to allow the opposing party an opportunity to withdraw or correct the challenged paper, claim, contention, or allegation. Nevertheless, the trial court in Davidson awarded the defendant fees pursuant to subsection 57.105(1), which allows the trial court to impose sanctions on the court's own initiative without twenty-one days' notice. Id. The Third District reversed the trial court's sanctions, concluding that the court had effectively adopted the defendant's motion as the court's own motion, thereby allowing the defendant to circumvent the twenty-one-day notice requirement imposed on parties by section 57.105(4). Id. Davidson, however, is not applicable to the facts of this case.
As a general proposition, a trial judge has the inherent power to award attorney's fees for bad faith conduct as a sanction against an offending party, even in the absence of statutory authority. Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998); see also Robert J. Moraitis, P.A. v. Vitakis-Vachine, 988 So.2d 682, 682 (Fla. 4th DCA 2008) (noting that court can award fees as sanction under section 57.105 or based on the inherent authority of the court). However, "if a specific statute or rule applies, the trial court should rely on the applicable rule or statute rather than on inherent authority." Moakley v. Smallwood, 826 So.2d 221, 227 (Fla. 2002). Here, the trial court's order awarding fees rightfully relied on section 57.105(1). Therefore, the issue before us is whether the trial court erred in applying section 57.105(1) in this case.
District courts review an award of section 57.105 fees for an abuse of discretion. Salazar v. Helicopter Structural & Maint., Inc., 986 So.2d 620, 623 (Fla. 2d DCA 2007). "`If reasonable men could differ as to the propriety of the action *324 taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.'" Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002) (quoting Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)).
Section 57.105(1) clearly and explicitly confers upon the trial court the authority to award attorney's fees to the prevailing party upon the court's initiative, if "the court finds that the losing party ... knew or should have known that a claim or defense when initially presented to the court or at any time before trial ... [w]as not supported by the material facts necessary to establish the claim or defense." In this case, the trial court made the findings necessary to award fees as a sanction under the statute.
We decline to follow Davidson here for several reasons. First, Mrs. Koch's contention that the trial court did not award sanctions on its own initiative is contradicted by the record. The trial court first raised the issue of fees at the conclusion of the hearing on Mrs. Koch's motion to set aside the MSA. At that time, the court stated that it was not going to grant fees to either party because "we haven't had a fee hearing" but that it was going to reserve ruling on the issue of fees. Thereafter, at the conclusion of the subsequent fee hearing, the court specifically stated twice, "I am inclined to award fees to them, because I do recall the course of the litigation" and "I would be inclined to order some fees, if I can." The court's only concern was whether it had the legal authority to award fees if Mr. Koch had not properly pleaded a request for fees. At the end of the hearing, the court indicated that it would look into whether it was nevertheless legally entitled to award fees. Based on the foregoing, the record does not support a conclusion that the trial court was simply "adopting" Mr. Koch's motion for fees.
Furthermore, Mr. Koch's motion to tax fees and costs did not cite to section 57.105 as authority for his fee request. At the fee hearing subsequently held, Mr. Koch argued for an award of fees based on Rosen v. Rosen, 696 So.2d 697 (Fla.1997). At the conclusion of that hearing, the court had already indicated that it wished to award fees, if it had the authority to do so. Mr. Koch first mentioned section 57.105(1) as a basis for fees in a letter to the court on February 3, 2008, in response to the court's request for input following the fee hearing, almost as an afterthought to his Rosen contention. Based on these facts, even though Mr. Koch's fee motion used some language that seemed to fit section 57.105's import without citing to the statute itself, it defies logic to assert that the trial court was "adopting" a party's argument before the party actually made that specific argument.
Even if the above-discussed differences did not exist, applying Davidson to the facts of this case would be troubling to us because its holding imposes preconditions on the trial court's ability to apply sanctions when no such preconditions exist in the statute's plain language. Nothing in section 57.105(1) states that a court cannot impose sanctions for the same reasons set forth in a party's failed motion for sanctions. See generally Unifirst Corp. v. City of Jacksonville, 42 So.3d 247 (Fla. 1st DCA 2009) (awarding section 57.105(1) fees on the court's own initiative when appellee's motion failed to comply with the notice provision of section 57.105(4)). Accepting Davidson's reasoning at face value would mean that the trial court loses the ability to impose sanctions even when clearly warranted if a party files a section 57.105 motion for sanctions that fails to comply with the twenty-one-day notice requirement imposed on parties. Under such a scenario, which this case demonstrates is *325 not unheard of, any court order imposing sanctions could be interpreted as merely "adopting" the opposing party's deficient fee motion. In our view, such an approach would unreasonably restrict a court's discretion and would not advance the clear purpose of section 57.105 to reduce frivolous litigation.
Mrs. Koch also argues that a fee award was improper because she did not have notice that fees would be an issue until after Mr. Koch filed the motion to tax costs and fees, which was after the trial court had denied her motion to set aside the MSA. Such contention might have been true if the court had construed Mr. Koch's belated motion as having cured a pleading defect seeking fees under Rosen[2] or chapter 61, Florida Statutes. However, this argument cannot defeat a court-imposed fee sanction under section 57.105(1) because the twenty-one-day notice provision simply does not apply to a court-imposed fee sanction. Moreover, a court is typically faced with the decision to impose sanctions for frivolous litigation only after the parties' respective positions have been presented to the court at a substantive hearing. Thus, the twenty-one-day notice requirement of section 57.105(4) cannot, as a practical matter, apply to the court because the plain language of the statute does not require the trial court to give twenty-one days' notice and because due process does not require a court to provide the same degree of notice as a party before imposing sanctions. Reasonable notice is enough. And Mrs. Koch was provided with such reasonable notice when she was given time to file a memorandum setting forth her position on whether the court could impose sanctions on its own initiative.
In conclusion, we recognize the trial courts' superior vantage point when determining whether to impose sanctions. See generally Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). On the record before us, we cannot disagree with the trial court's discretionary ruling. Because the trial court's award of fees as a sanction was based upon substantial, competent evidence, we must affirm.
Affirmed.
WHATLEY, J., Concurs.
WALLACE, J., Dissents with opinion.
WALLACE, Judge, Dissenting.
I respectfully dissent. The first sentence of the final judgment under review states: "THIS CAUSE came to be heard on January 26, 2009[,] on the Husband's `Motion to Tax Attorneys' Fees and Costs.'" Undeniably, the subject of the hearing which resulted in the award of attorney's fees in favor of Mr. Koch and against Mrs. Koch was Mr. Koch's motion, not a court-initiated proceeding for the imposition of fees. Here, as in Davidson v. Ramirez, 970 So.2d 855 (Fla. 3d DCA 2007), the trial court adopted Mr. Koch's motion as its own in order to make the award of attorney's fees against Mrs. Koch. The result is to frustrate "[t]he legislative intent ... to require the twenty-one-day notice whenever a subsection 57.105(5) motion is filed by a party."[3]Id. at 856. Because the motion that was the basis for the fee award was a party-filed motion, the requirements of subsection 57.105(4) had to be observed. Id.
*326 Mr. Koch did not file his motion to tax attorney's fees and costs until after the trial court had ruled on the motion to set aside the MSA, when the litigation was substantially at an end. It is undisputed that Mr. Koch's motion did not comply with the procedural requirements of subsection 57.105(4). Thus Mrs. Koch was deprived of the benefit of the safe-harbor provision of the statute in deciding whether or not to continue her effort to set aside the MSA. Because Mr. Koch failed to comply with the requirements of subsection 57.105(4) to the detriment of Mrs. Koch, I would reverse the final judgment for attorney's fees on the authority of Davidson.
The majority attempts to distinguish the facts of this case from Davidson. However, I believe that the minor factual differences between Davidson and this case are not significant. In addition, the majority's discussion of Davidson suggests that it fundamentally disagrees with the Third District's reasoning in that case. If so, it would be appropriate to certify direct conflict with Davidson so that Mrs. Koch can seek further review if she is so inclined.
NOTES
[1] As correctly pointed out by the dissent, the trial court's order accurately referenced that the fee hearing was held pursuant to the husband's motion to tax fees. However, the substance of the court's order makes it clear that the court's fee award was made pursuant to its own initiative and authority under section 57.105(1).
[2] While Rosen factors can overlap with section 57.105 grounds, a party seeking fees under Rosen is not excused from timely and properly pleading entitlement to attorney's fees. See Mook v. Mook, 873 So.2d 363, 365-66 (Fla. 2d DCA 2004), receded from on other grounds, First Protective Ins. Co. v. Featherston, 978 So.2d 881 (Fla. 2d DCA 2008) (dealing with pleading entitlement to costs).
[3] Although Mr. Koch did not specifically reference section 57.105 in his motion, he supplemented the motion with a letter to the trial court asserting that it had the ability to award fees in accordance with subsection 57.105(1).