ON REHEARING GRANTED

Before SHEPHERD, C.J., and WELLS and SALTER,-JJ. ■
SHEPHERD,-C.J.
In an earlier opinion, we summarily reversed the order on appeal and granted Albelo’s motion for an award of appellate attorney fees pursuant to section 57.105(1), Florida Statutes (2011). Upon issuance of our- original opinion, Southern Oak retained new counsel (Rehearing Counsel), who pointed out to us that Albelo failed to satisfy the requirements of the safe harbor provision of section 57.105(1). Rehearing Counsel argues in the alternative that the argument made on behalf of Southern Oak before this court was non-frivolous.
While we agree with Rehearing Counsel that Albelo failed to satisfy the requirements of the safe harbor provision, we respectfully disagree with Rehearing Counsel that the argument made to us was non-frivolous. The twenty-one-day safe harbor provision does not apply to court-initiated sanctions. See Koch v. Koch, 47 So.3d 320, 324-25 (Fla. 2d DCA 2010). Accordingly, we now grant sanctions against Southern Oak and its initial counsel on our own motion. See § 57.105(l)(a), Fla. Stat. (2013) (“Upon the court’s initiative ... the court shall award a reasonable attorney’s fee .;. to be paid to the prevailing party when .;. the losing party ... knew or should have known that a claim or defense when initially presented to the *66 court ... [w]as not supported by the material facts necessary to establish the claim or defense[.]”). Southern Oak and its initial counsel have had ample opportunity to explain why appellate attorney fees and costs should not be imposed as a sanction against both Southern Oak and its initial counsel.
We remand for a determination of the amount of attorney fees and costs which should be awarded against Southern Oak and its initial counsel.