# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LAURA M. WATSON, STEPHEN RAKUSIN,**
and **THE RAKUSIN LAW FIRM,**
Appellants,

v.

**STEWART TILGHMAN FOX & BIANCHI, P.A., WILLIAM C. HEARON, P.A., TODD S. STEWART, P.A., LARRY S. STEWART,** individually, and **WILLIAM C. HEARON,** individually,
Appellees.

No. 4D14-4599

[June 29, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Beatrice A. Butchko, Judge; L.T. Case No. 09-025826 CACE 13.

Anna Middleton of Litigation Lawyers, P.A., Fort Lauderdale, for appellants.

Robert M. Klein and Andrew M. Feldman of Klein Glasser Park & Lowe, P.L., Miami, for appellees.

CONNER, J.

Appellants raise several issues in this appeal of a trial court order granting Appellees' motion for attorney's fees pursuant to section 57.105, Florida Statutes (2014). Although we reverse as to one portion of the fees awarded, we affirm all other aspects of the award. We write to clarify the law regarding when a trial court, on its own initiative, may order a party to pay attorney's fees pursuant to section 57.105. We hold that the trial court does not abuse its discretion in ordering a party to pay attorney's fees pursuant to section 57.105(1), on the court's own initiative, when a motion is filed by a party and the moving party fails to comply with the safe harbor requirements of the rule, as long as it can be determined from the record that the trial court is not simply adopting the moving party's defective motion.

*Factual Background and Trial Court Proceedings*

The suit below was the result of a series of lawsuits, and eventual dispute over a fee agreement, between law firms regarding the distribution of fees from a settlement agreement. With regards to the settlement agreement, Appellant Watson was a defendant in a lawsuit alleging breach of fiduciary duty, constructive fraud, constructive trust, fraud in the inducement, and unjust enrichment. Subsequent to resolution of the suit in which she was a defendant, Appellant Watson brought the instant suit below against the plaintiffs of the prior suit, alleging libel and slander, abuse of process, and malicious prosecution. After an evidentiary hearing, the trial court struck Appellant Watson's complaint as a sham pleading, and entered judgment in favor of the defendants (the plaintiffs in the prior suit).

After the final judgment was entered, Appellees, the successful defendants below, filed a motion for attorney's fees pursuant to section 57.105. However, the record shows Appellees did not fully comply with the safe harbor notice provision of section 57.105(4). At the initial hearing on the motion, Appellees argued that it did not matter that the procedural requirements of the safe harbor provision were not followed, since the trial court had the authority to grant attorney's fees on its own initiative. Upon continuing the hearing, the trial court asked both sides to submit a written memorandum regarding the trial court's authority to grant fees pursuant to section 57.105 on its own initiative.

When the issue of the trial court's own initiative was addressed at the continued hearing, Appellants argued that the trial court could not grant attorney's fees because Appellees' motion was insufficient. The trial court responded:

> THE COURT: But you know what I was thinking in this case, because we had a hearing on the motion to strike a sham pleading. And I --
>
> [APPELLANTS' ATTORNEY]: Correct, Judge. But you didn't --
>
> THE COURT: -- felt that the allegations did not meet the legal criteria and, in fact, were a sham pleading. And so you know that I was thinking that this lawsuit should never have been filed.

Ultimately, the trial court granted Appellees' motion for attorney's fees, explaining:

In this case, I am not simply adopting a failed 57.105 attempt by the Defendants. That is evidenced by my written opinion and order of 2/2014 and the oral pronouncement in January. The [*Wood v. Price*, 546 So. 2d 88 (Fla. 2d DCA 1989)] case has language that is consistent with that the Court -- what I did here in this case in that the findings -- I agree with [*Wood*] that just because a pleading is stricken as a sham, it doesn't mean that the underlying cause of action was frivolous.

In this particular case for the reasons I stated in my prior ruling, I am finding today just that. That the Plaintiff, Ms. Watson, and her lawyer should have known under the existing law that the cause of action of abuse of process, malicious prosecution could not -- they could not prevail under the Supreme Court's very clear language holding against those causes of action in the scenario that we have here. And certainly the defamation count also had no merit as previously stated. So I am going to award attorneys' fees against Ms. Watson and her lawyer.

In granting the motion, the trial court entered an order granting Appellees attorney's fees for, among other things, work performed in preparing a response to a petition for a writ of prohibition intended to be filed with this court, although the response was never filed. With regards to awarding fees for that work, the trial court determined that Appellees should not "be penalized for being diligent as opposed to being a procrastinator." Appellants gave notice of appeal of the fees awarded as a sanction.

*Appellate Analysis*

"Generally, the standard of review of a trial court's order awarding section 57.105(1) attorney's fees is abuse of discretion. However, to the extent a trial court's order on fees is based on an issue of law, this court applies de novo review." *Blue Infiniti, LLC v. Wilson,* 170 So. 3d 136, 139 (Fla. 4th DCA 2015) (quoting *Lago v. Kame By Design, LLC,* 120 So. 3d 73, 74 (Fla. 4th DCA 2013)).

Section 57.105, Florida Statutes (2014), states:

(1) *Upon the court's initiative or motion of any party,* the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's

attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

§ 57.105(1), Fla. Stat. (2014) (emphasis added). Therefore, section 57.105(1) allows a trial court to award attorney's fees by motion of a party, or "[u]pon the court's initiative."

Appellants' specific contention is that the trial court assisted Appellees in circumventing the procedural requirements of the statute by "adopting" their section 57.105 motion, when Appellees failed to comply with the safe harbor period[1] in the statute.

In *Santini v. Cleveland Clinic Florida*, 65 So. 3d 22 (Fla. 4th DCA 2011), we addressed the trial court's discretion to initiate an award of section 57.105 fees, with regards to circumvention of the twenty-one day safe harbor period. In *Santini*, we discussed the Second District's and First District's perspectives on the issue:

Although the Second District recently declined to follow *Davidson* [*v. Ramirez*, 907 So. 2d 855 (Fla. 3d DCA 2007)] mostly because of factual distinctions, the Second District also noted: "Accepting *Davidson*'s reasoning at face value would mean that the trial court loses the ability to impose sanctions even when clearly warranted if a party files a section 57.105 motion for sanctions that fails to comply with the twenty-one-day notice requirement imposed on *parties.*" *Koch v. Koch*, 47 So.3d 320, 324 (Fla. 2d DCA 2010). The First

---

[1] Section 57.105(4), states:

(4) A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

District has held that courts can adopt a party's motion for sanctions as its own under section 57.105 where procedural rules prevent the moving party from giving twenty-one days' notice.

*Id.* at 37. After noting the position of these districts, we denied attorney's fees because:

> The record shows that the trial court *only chose* to sanction [the party to be sanctioned] on its "own initiative" *after* [the moving party]'s counsel made an *ore tenus* 57.105 motion, and [the party to be sanctioned] objected for not having received the requisite twenty-one day notice under the statute. The trial court seemed to have adopted the motion *only to circumvent* the safe harbor. This will not stand and the sanctions shall be vacated.

*Id.* (emphases added).

Here, it is uncontested that Appellees failed to comply with the twenty-one day safe harbor period. Therefore, Appellants argue that the trial court erred by "adopting" Appellees' motion. However, as quoted above, a bright-line rule that prevents a trial court from imposing sanctions on its own if a motion filed by the moving party is procedurally deficient would not only be inconsistent with the plain meaning of the statute, but would also obtrusively infringe on the trial court's power to sanction a party which it determines is deserving of such a sanction. Additionally, case law, including our own, has implicitly established the boundaries within which the trial court may award attorney's fees upon its own initiative pursuant to section 57.105.

In *Koch*, the Second District declined to follow *Davidson*, in part because:

> The trial court first raised the issue of fees at the conclusion of the hearing on Mrs. Koch's motion to set aside the MSA. At that time, the court stated that it was not going to grant fees to either party because "we haven't had a fee hearing" but that it was going to reserve ruling on the issue of fees. Thereafter, at the conclusion of the subsequent fee hearing, the court specifically stated twice, "I am inclined to award fees to them, because I do recall the course of the litigation" and "I would be inclined to order some fees, if I can." The court's only concern was whether it had the legal authority to award fees

> if Mr. Koch had not properly pleaded a request for fees. At the end of the hearing, the court indicated that it would look into whether it was nevertheless legally entitled to award fees. *Based on the foregoing, the record does not support a conclusion that the trial court was simply "adopting" Mr. Koch's motion for fees.*

*Id.* at 324 (emphasis added).

As indicated above, we quoted *Koch* in *Santini,* and although we did not expressly support or reject the reasoning, we simply found the facts in *Santini* distinguishable. Additionally, although we quoted language from *Davidson,* that does not mean that we adopted a bright-line rule that, whenever a motion is filed by a party, the trial court cannot grant attorney's fees on its own initiative, pursuant to section 57.105, absent strict compliance with the safe harbor provision. Although the language in *Davidson* can be read to hold such a bright-line rule ("legislative intent is to require the twenty-one-day notice *whenever* a subsection 57.105(5) motion is filed by a party"), the Third District also used the similar limiting language as we did in *Santini,* stating that the legislative intent would be frustrated if the court could "adopt the party-filed motion as the court's own." *Davidson,* 970 So. 2d at 856 (emphasis added).

In examining these cases together, we now expressly hold that a trial court does not abuse its discretion in ordering a party to pay attorney's fees pursuant to section 57.105(1) on its own initiative, even if a motion is filed by a party and the moving party fails to comply with the safe harbor requirements of the rule, as long as it can be determined from the record that the trial court is not *simply adopting* the moving party's motion.

Our holding here is consistent with our holding in *Santini,* which, when read in conjunction with *Koch,* more clearly defines the trial court's authority to award fee sanctions. In *Santini,* as quoted above, we stated that the trial court chose to sanction the party *only* to circumvent the safe harbor period. *Santini,* 65 So. 3d at 37. In *Koch,* the Second District upheld an award of fees since the trial court was not "simply 'adopting'" the moving party's motion. *Koch,* 47 So. 3d at 324. Even the Third District in *Davidson* couched the trial court's initiative in terms of "adopt[ing]" a motion filed by a party. *Davidson,* 970 So. 2d at 856. Therefore, the focus should not rest on whether a party filed a motion and there was strict compliance with the safe harbor period, but instead, when the trial court acts upon its own initiative, whether the trial court is simply adopting the moving party's motion, or whether there is evidence in the record that the

6

trial court developed a concern that there was probable merit to a fee sanction prior to a motion for such by a party.

Applying this analysis to the instant case, the facts here are similar to those in *Koch*, where the trial court specifically indicated that it was inclined to award fees, but asked the parties to brief the issue of its authority. Additionally, the trial court did not indicate its intent only at the conclusion of the fee hearing, but also during a prior session of the hearing. More importantly, the trial court stated its own reasoning, dating back as far as its ruling on the motion to strike the Appellants' pleading as a sham. Therefore, the trial court clearly indicated that it had formed an impression regarding the frivolous nature of the pleading even prior to the fees motion having been filed. This is record support for the conclusion that the trial court was not simply adopting Appellees' motion in this case, but imposed attorney's fees on its own initiative.

We do not intend the instance where a trial court indicates it had a desire to grant fees prior to the hearing to be the only example of where a trial court can impose fees upon its own initiative after a party moves for fees as a sanction. The focus when the trial court awards fees after a defective motion is filed, as we have expressly stated above, should be on whether the trial court is acting on its own initiative, or whether it is simply adopting the insufficient motion of a party.

Additionally, we determine that the safe harbor notice provisions do not apply to the award of fees on the court's own initiative. The goal of the safe harbor notice provision is to provide an opportunity to withdraw from going forward with a claim or defense that cannot be supported by the application of law to the facts. *Maxwell Bldg. Corp. v. Euro Concepts, LLC*, 874 So. 2d 709, 711 (Fla. 4th DCA 2004). Because the trial court must always remain neutral, it is inappropriate to require the trial court to comply with the safe harbor notice provisions. Such a construction, that the trial court must comply with safe harbor notice provisions by giving notice that a position should be withdrawn, would improperly violate the trial court's neutral posture and effectively preclude the trial court from awarding fees as a sanction on its own initiative.

We likewise do not construe the statute to require the trial court to give a separate notice of its intent to entertain a section 57.105 motion on its own initiative, when a motion for such fees is filed by a party and notice of hearing on the party's motion is given. Such a construction would again give the appearance of impropriety, suggesting in advance that the motion will be granted.

7

Having determined that the trial court properly found entitlement to section 57.105 fees on its own initiative, we nonetheless reverse the award of fees for work Appellees did in preparing a response to appellants' petition for a writ of prohibition. "In order to obtain fees and costs for the preparation of [a document for] an appeal, a litigant must first request the fees from the appellate court." *Gieseke v. Gieseke*, 499 So. 2d 839, 839 (Fla. 4th DCA 1986); *see also* Fla. R. App. P. 9.400 (stating "[t]he assessment of attorneys' fees may be remanded to the lower tribunal. If attorneys' fees are assessed by the court, the lower tribunal may enforce payment"). Since there was no such request to, or mandate from, this Court, the trial court improperly granted attorney's fees for the appellate work performed.

Based on the facts of this case, we determine that there is record support for the conclusion that the trial court's imposition of attorney's fees upon Appellants pursuant to section 57.105 was based on the trial court's own initiative. Therefore, we affirm the trial court's order in all respects, except for the portion of the order granting Appellees' fees for time spent preparing the response to the petition for a writ of prohibition, which we reverse. We remand for the trial court to enter an appropriate order.

*Affirmed in part, reversed in part and remanded.*

FORST, J., concurs.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the result. I do not agree with the reasoning of *Santini v. Cleveland Clinic Florida*, 65 So. 3d 22, 37 (Fla. 4th DCA 2011), to the extent that it limits the trial court's authority to grant section 57.105 attorney's fees on its own initiative where a party's motion for such fees is technically insufficient. I would follow *Koch v. Koch*, 47 So. 3d 320 (Fla. 2d DCA 2010), which has recently been followed by the Fifth District Court of Appeal in *HFC Collection Center, Inc. v. Alexander*, 41 Fla. L. Weekly D999 (Fla. 5th DCA Apr. 22, 2016):

> We agree with the Second District Court of Appeal's conclusions in *Koch*. Section 57.105(1) does not contain a 21 day requirement for trial courts acting on their own initiative, *nor does the section prohibit the consideration or adoption of all or part of the prevailing party's failed motion for fees as justification for sanctioning the losing party.* We also agree

8

with the *Koch* court that adopting the *Davidson* "approach would unreasonably restrict a court's discretion and would not advance the clear purpose of section 57.105 to reduce frivolous litigation." *Koch*, 47 So. 3d. at 325.

*HFC Collection Ctr.*, 41 Fla. L. Weekly D999 at *6 (emphasis added). When a complaint is frivolous and lacking in legal and factual support, there are a limited number of ways in which that can be expressed. Thus, requiring the record to show that the trial court is not simply adopting the defective motion can be difficult, if not impossible. *Koch* and *HFC Collection Center* appear to me to present the better understanding of the statute and the trial court's authority.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

9