WARNER, J.,
concurring specially.
I concur in the result. I do 'not agree with the reasoning of Santini v. Cleveland Clinic Florida, 65 So.3d 22, 37 (Fla. 4th DCA 2011), to the extent that it limits the trial court’s authority to grant section 57.105 attorney’s fees on its own initiative where a party’s motion fdr such fees is technically insufficient. I would follow Koch v. Koch, 47 So.3d 320 (Fla. 2d DCA 2010), Which has recently been followed by the Fifth District Court of Appeal in HFC Collection Center, Inc. v. Alexander, 190 So.3d 1114 (Fla. 5th DCA 2016):
We agree with the Second District Court of Appeal’s conclusions in Koch. Section 57.105(1) does not contain a 21 day requirement for trial courts acting on their own initiative, nor does the section prohibit the consideration or adoption of all or part of the prevailing party’s failed motion for fees as justification for sanctioning the losing party. We also agree with the Koch court that adopting the Davidson “approach would unreasonably restrict a court’s discretion and would not advance the clear purpose of section 57.105 to reduce frivolous litigation.” Koch, 47 So.3d at 325.
HFC Collection Ctr., 190 So.3d at 1119 (emphasis added). When a complaint is frivolous1 and lacking in legal and factual support, there are a limited number of ways in which that can be expressed. Thus, requiring the record to show- that the trial court is not simply adopting' the defective motion can be difficult, if not impossible. Koch and HFC Collection Center appear to me to present the better understanding of the statute and the trial court’s authority.