DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAFECO INSURANCE COMPANY OF ILLINOIS,** an Illinois corporation,
Appellant,

v.

**REBECCA L. HEIKKA** and **JOSEPH ANTHONY HERNANDEZ,**
Appellees.

No. 4D18-2971

[March 4, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 09-39965 14.

Anthony J. Russo of Butler Weihmuller Katz Craig LLP, Tampa, for appellant.

Kenneth D. Cooper, Fort Lauderdale, for appellee Rebecca Heikka.

GERBER, J.

The insurer appeals from the circuit court's final order awarding the plaintiff $300,000 as a second sanction under section 57.105, Florida Statutes (2017) ("the second fees order"), following an earlier section 57.105 order awarding the plaintiff's reasonable attorney's fees of $341,775 ("the first fees order"). The insurer argues the circuit court's first fees order already compensated the plaintiff for her reasonable attorney's fees incurred in litigating the insurer's declaratory judgment action. However, the insurer argues, the circuit court's second fees order awards the plaintiff not only for her $341,775 in reasonable attorney's fees, but an additional punitive amount of $300,000 based on *the insurer's attorneys' hours expended*, which section 57.105 does not authorize.

We agree with the insurer's argument. While authority exists for a court to consider the non-movant's attorneys' hours expended in determining the reasonableness of *the movant's attorney's fees*, no authority exists under section 57.105 for a court to award the movant not only for the movant's reasonable attorneys' fees, but an additional punitive amount, such as an amount equivalent to the non-movant's attorneys' hours expended, as occurred here.

Thus, we reverse those portions of the second fees order which awarded the plaintiff the additional $300,000 as a sanction under section 57.105.

We present this opinion in the following sections:

1. The underlying negligence action;
2. The separate declaratory judgment action;
3. The plaintiff's first motion for attorney's fees;
4. The first fees order;
5. The insurer's appeal of the first fees order;
6. The insurer's post-mandate motions;
7. The circuit court's hearing on the insurer's post-mandate motion;
8. The second fees order;
9. The parties' arguments on appeal of the second fees order; and
10. Our review of the second fees order.

## 1. *The Underlying Negligence Action*

The plaintiff was involved in a car accident with Joseph Anthony Hernandez ("the defendant"). The plaintiff sued the defendant for the injuries she sustained in the car accident. The insurer was not named as a party in the negligence action, but the insurer provided legal representation for the defendant.

Shortly after the plaintiff sued the defendant, the parties engaged in settlement discussions. The defendant and the insurer believed they reached a settlement with the plaintiff. However, the plaintiff disagreed.

The defendant filed a motion to enforce the purported settlement agreement. The defendant also moved for summary judgment, arguing that all claims for compensatory damages had been settled. Following an evidentiary hearing, the circuit court denied both motions.

## 2. *The Separate Declaratory Judgment Action*

The defendant and the insurer then filed a separate declaratory judgment action against the plaintiff before a different circuit court judge. The defendant and the insurer sought a declaration of their rights as to the purported settlement agreement.

The plaintiff moved to dismiss the complaint with prejudice. The plaintiff argued that the defendant and the insurer were forum shopping

before a different circuit court judge to get a second bite of the apple to enforce the purported settlement agreement.

The plaintiff later moved for summary judgment in the declaratory judgment action, seeking a ruling that no settlement agreement was reached. The defendant and the insurer cross-moved for summary judgment, seeking a ruling that the plaintiff had settled all claims against the defendant and the insurer.

Following a hearing on the competing motions, the circuit court entered an order granting the plaintiff's motion for summary judgment in the declaratory judgment action, finding that no settlement agreement was reached. In that order, the circuit court reserved jurisdiction to award the plaintiff's attorney's fees.

### 3. *The Plaintiff's First Motion for Attorney's Fees*

The plaintiff filed a motion to recover her attorney's fees from the insurer pursuant to sections 627.428 and 57.105, Florida Statutes (2017).

The insurer responded that the plaintiff was not entitled to fees under either section 627.428 or section 57.105. Regarding section 627.428, the insurer argued that because the plaintiff was not a party to the insurance contract, she had no right to fees under section 627.428. Regarding section 57.105, the insurer argued the plaintiff failed to provide the required 21-day safe harbor letter which that statute requires.

The circuit court held a non-evidentiary hearing on the motion. Regarding section 627.428, the circuit court found the plaintiff was entitled to recover her attorney's fees from the insurer despite the lack of privity. Regarding section 57.105, the circuit court found the insurer's decision to relitigate the settlement issue was frivolous. However, the circuit court also found the plaintiff failed to comply with section 57.105's safe harbor requirements. To circumvent the safe harbor defect, the circuit court held, on its own motion, it would award the plaintiff attorney's fees under section 57.105, in addition to section 627.428.

### 4. *The First Fees Order*

The circuit court held an evidentiary hearing on the plaintiff's attorney's fees amount. The plaintiff's attorney ultimately claimed $341,775 in attorney's fees (683.51 hours billed at $500 per hour). The plaintiff also requested $24,750 in expert witness fees.

3

Following the hearing, the circuit court entered the first fees order, finding that the plaintiff's attorney had reasonably expended 683.51 hours at a reasonable hourly rate of $500 for a total of $341,775, plus $20,000 in expert witness fees, for a total of $361,775. In the order, the circuit court noted "the fees awarded are warranted both by Florida Statute 627.428 and 57.105." At the end of the order, the circuit court also stated:

> The Court reserves jurisdiction to award an additional sanction of 600 hours *which corresponds to the additional attorney hours that* [*the insurer*] *expended* on this Rambo type litigation of the settlement issue in the 2009 case.

(emphasis added). At a later hearing, the circuit court clarified that the reservation of jurisdiction "didn't say in there that . . . [the plaintiff's attorney] is entitled to [the additional sanction]."

### 5. *The Insurer's Appeal of the First Fees Order*

The insurer appealed the circuit court's first fees order to this court. The insurer argued, in pertinent part: (1) the circuit court erred in awarding the plaintiff attorney's fees under section 627.428 because the plaintiff was not a party to the insurance contract; (2) the circuit court erred in awarding the plaintiff attorney's fees under section 57.105 because the plaintiff failed to provide the required 21-day safe harbor letter which section 57.105 requires; (3) the circuit court lacked jurisdiction to award attorney's fees on its own motion under section 57.105; and (4) the circuit court's award of $361,775 was excessive and not supported by competent substantial evidence.

We affirmed the first fees order, but only under section 57.105. *Hernandez v. Heikka*, 240 So. 3d 33 (Fla. 4th DCA 2018). Specifically, our one-paragraph opinion stated:

> [The insurer] appeals from a final judgment awarding [the plaintiff] $361,775 in attorney's fees and costs pursuant to section 627.428, Florida Statutes (2017), and as a sanction under section 57.105, Florida Statutes (2017). Although we agree with [the insurer] that the trial court erred in awarding fees under section 627.428, the error was harmless because the trial court properly awarded fees under section 57.105. We accordingly affirm without further comment.

*Id.* at 33.

4

### 6.  *The Insurer's Post-Mandate Motions*

After our mandate issued, the insurer mailed the plaintiff's attorney a check for $384,551.90.  The amount represented the first fees order's $361,775 principal plus the insurer's calculation of post-judgment interest.

The plaintiff's attorney did not accept the insurer's check.  Instead, the plaintiff's attorney demanded that the insurer pay not only the $361,775 and post-judgment interest, but also the additional $300,000 arising from the first fees order's reservation of jurisdiction based on the 600 hours which the insurer's attorneys expended.

In response, the insurer filed a motion for an order determining amount due to satisfy the first fees order.  The insurer also filed in this court a motion to enforce our mandate, arguing that the circuit court was without power to add to the first fees order.  We issued an order denying the insurer's motion "without prejudice to file a direct appeal."

### 7.  *The Circuit Court Hearing on the Insurer's Post-Mandate Motion*

At the circuit court hearing on the insurer's post-mandate motion, the following discussion occurred:

> [COURT] (to the plaintiff's two attorneys):  [G]iven the appellate opinion that the only entitlement here was based on 57.105, *I think it renders that 600 hours, additional hours moot at this point because they already imposed the sanction based on the award of fees.*  In other words, if they award more than 600 hours, the only possibilities of that amount is as a sanction.  *I can't go and sanction them again.*  I mean, there was no entitlement pursuant to 627.428. . . .
>
> . . . .
>
> [PLAINTIFF'S ATTORNEY #1]:  . . . It seemed to me that what you were saying in [the first fees order] is under 57.105, you have the authority to grant sanctions.
>
> [COURT]:  In addition to the hours.
>
> [PLAINTIFF'S ATTORNEY #1]:  Now, you did do that in what I would suggest is a very clear fashion.  You said the Court reserved jurisdiction to award, not consider, but to award and

then that additional sanctions, 600 hours. You laid it out in a clear and finite way. You established the hourly rate and then you established the additional sanctions, which you reserved jurisdiction to award. The defendant didn't move to clarify that at any time prior to appealing it. If they were confused, if they thought it was ambiguous, if they were unsure, they had the opportunity to do that. They didn't do that. Instead, they appealed [the first fees order] in toto. In fact, they argued in their reply brief, they argued that the Court erred in reserving jurisdiction to award this amount of money. That was before the appellate court. The appellate court affirmed in all respects, the amount of the sanctions under 57.105. I think it would be wholly unfair to [the plaintiff's attorneys] at this point now to say even though [the insurer] appealed and you were affirmed in awarding this, that you're not going to award it now and I think that your order is clear and it was appealed and we have the ruling and you've read it.

[COURT]: For the record, 600 hours at $500-per-hour would be $300,000. Is my math right?

[PLAINTIFF'S ATTORNEY #1]: Yes Judge. It's simple math. Even I can do that in my head, but the 4th said here that they agreed that 627.428 wasn't the appropriate location to find for the justification to award sanctions, but it was harmless because the trial court properly awarded fees under Section 57.105. . . . I don't think there's anything more to discuss. [The insurer] had the opportunity to raise it, to clarify it, to argue it more in their brief. For whatever reason they didn't. The 4th considered it and they've affirmed you. So I don't think, Judge, it would be fair at this point or legally appropriate to say even though I've reserved jurisdiction to award it, now I'm not going to. . . . [W]hen you read [the first fees order], the plain meaning of it I think is clear. Obviously you're the drafter.

[COURT]: *To reserve jurisdiction to award, that doesn't necessarily mean that I award it.* It means that I found that to be a reasonable sanction and that I reserve jurisdiction to impose it at a later hearing. However, that was based upon my finding that he was entitled to more than 600 hours based on 627.428 and 57.105. . . . I was thinking hey, he had these numbers of hours which are recoverable at the hourly rate of

6

$500-per-hour and this is his actual time and I'm going to find he's entitled to both under 627.428 and 57.105. Well, the appellate court said no, he's not entitled. So the only way he could be entitled to the money he received or will shortly receive plus the interest he's going to receive is going to be pursuant to the sanctions statute. *So it would be unfair for me to come back now and say you know what, the sanctions have been imposed of his actual time spent. Now let me just throw another 600 hours on top of it and say, you know, there's another $300,000 because the only basis for the fees he's gotten is as a sanction.*

. . . .

*So I'm not going to go back and double up on the sanctions at this point. I'm just not going to do it. I think the way that the appellate court decided the case basically nullified the sanction of it because the sanction has already been awarded.*

. . . .

[PLAINTIFF'S ATTORNEY #2]: Well wait. You're guessing at what the 4th District did. You're guessing. [The insurer's attorney is] guessing. He's arguing what the 4th District did.

[COURT]: So how [does the plaintiff] get it up on appeal? I know [the plaintiff's] position. Award the $300,000 [to the plaintiff] and let [the insurer] appeal.

[PLAINTIFF'S ATTORNEY #1]: And we would argue that it was appealed [by the insurer as part of the first fees order].

[PLAINTIFF'S ATTORNEY #2]: It's the law of the case.

. . . .

[COURT]: Let me mull it over some more.

(emphasis added).

## 8. *The Second Fees Order*

Despite the circuit court's trepidation expressed during the hearing, the circuit court ultimately entered the second fees order in the plaintiff's favor

for not only the $361,775 and post-judgment interest, but also the additional $300,000 arising from the first fees order's reservation of jurisdiction based on the 600 hours which the insurer's attorneys expended. Specifically, the order stated, in pertinent part:

> 1. The history of this case as reflected in the [first fees order] as affirmed, states that the law of the case is that [the insurer] for years has conducted itself through counsel in raising unsupported, frivolous defenses ad nauseam.
>
> 2. Apparently, [the insurer] has not conceded that it has been engaged in Rambo style litigation and the conduct continues through multiple post judgment hearings. . . . The hearing today and others since the judgment continue to involve incredibly disingenuous, litigious conduct. The Court is not going to impose any additional sanctions but is simply going to resolve the issue today based on the prior final judgment, the evidence received today on the interest calculation from Plaintiff's CPA expert . . . and after full consideration of all counsels' argument and the case law presented.
>
> . . . .
>
> 4. The $341,775.00 amount plus pre and post judgment interest to date is $430,397.52. The $1,863.01 costs plus interest is $2,346.09. The $20,000 expert fee plus post judgment is $21,703.63. *The Sec. 57.105 Florida Statutes sanctions found reasonable by the Court in the final judgment, 600 hours at the hourly rate found by the Court of $500.00, is the amount of $300,000.00. . . .*

(emphasis added).

## 9. *The Parties' Arguments on Appeal of the Second Fees Order*

This appeal of the second fees order followed. The insurer primarily argues the circuit court's first fees order already compensated the plaintiff for the reasonable attorney's fees which she incurred litigating the insurer's declaratory judgment action. However, the insurer argues, the circuit court's second fees order awards the plaintiff not only for her reasonable attorney's fees, but for an additional punitive amount equivalent to the insurer's attorneys' hours expended, which section 57.105 does not authorize.

8

The insurer also argues the circuit court's reservation of jurisdiction in the first fees order was not a final appealable order. Thus, the insurer argues, it did not waive its right to challenge the second fees order by not challenging the reservation of jurisdiction in its appeal from the first fees order.

The plaintiff responds that the second fees order was permissible under section 57.105. The plaintiff also responds that the circuit court's reservation of jurisdiction in the first fees order was an appealable order, which the insurer waived by not challenging the reservation of jurisdiction in its appeal from the first fees order. The plaintiff further responds that the first fees order, having been affirmed in *Hernandez,* now controls this case under the law of the case doctrine.

### *10. Our Review of the Second Fees Order*

Our review is de novo. *See Watson v. Stewart Tilghman Fox & Bianchi, P.A.,* 195 So. 3d 1163, 1166 (Fla. 4th DCA 2016) ("Generally, the standard of review of a trial court's order awarding section 57.105(1) attorney's fees is abuse of discretion. However, to the extent a trial court's order on fees is based on an issue of law, this court applies de novo review.") (citation omitted); *Kelly v. Bankunited, FSB,* 159 So. 3d 403, 405 (Fla. 4th DCA 2015) ("Generally, a trial court's ruling on a motion for attorneys' fees is reviewed for abuse of discretion; [h]owever, where entitlement depends on the interpretation of a statute or contract the ruling is reviewed *de novo.*") (citation and internal quotation marks omitted).

The issue of law presented is whether, under section 57.105, a court can award the movant not only for the movant's reasonable attorneys' fees, but also an additional punitive amount, such as an amount equivalent to the non-movant's attorneys' fees, as occurred here.

Our answer is no. The circuit court's initial instinct as expressed during the hearing, to not award the additional punitive amount under section 57.105, would have been the correct decision. The circuit court's ultimate written decision to award the plaintiff not only her reasonable attorneys' fees, but also an additional punitive amount, here being the equivalent to the insurer's attorneys' hours expended, was error.

Section 57.105(1), Florida Statutes (2017), provides in pertinent part:

> Upon the court's initiative or motion of any party, the court shall award a *reasonable attorney's fee,* including

9

prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

§ 57.105(1), Fla. Stat. (2017) (emphasis added).

As emphasized in the quoted statute above, this case turns on what is a "reasonable attorney's fee" as stated in section 57.105.

We are bound to follow our supreme court's longstanding definition of a "reasonable attorney's fee" as set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).

In *Rowe*, our supreme court adopted "the federal lodestar approach for computing reasonable attorney fees." *Id.* at 1146. The court held, in pertinent part:

The first step in the lodestar process requires the court to determine the number of hours reasonably expended on the litigation. . . . To accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed. Counsel is expected, of course, to claim *only those hours that* [*counsel*] *could properly bill to* [*the*] *client*. . . .

The second half of the equation, which encompasses many aspects of the representation, requires the court to determine a reasonable hourly rate for the services. . . .

The number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar, which is an objective basis for the award of attorney fees. Once the court arrives at the lodestar figure, it may add or subtract

from the fee based upon [the contingent nature of the litigation or the failure to prevail on a claim or claims].

. . . .

In determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings. If the court decides to adjust the lodestar, it must state the grounds on which it justifies the enhancement or reduction. In summary, in computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims.

*Id.* at 1150-52 (emphasis added).

To be sure, our supreme court adopted the lodestar approach for computing reasonable attorney's fees in the context of a different statute (former section 768.56 which provided for an award of a "reasonable attorney's fee" to the prevailing party in a medical malpractice action). *Id.* at 1146. However, we are not aware of any authority restricting *Rowe*'s lodestar approach for computing a "reasonable attorney's fee" to any one statute or subset of statutes.

Rather, we apply *Rowe*'s lodestar approach to section 57.105's reference to a "reasonable attorney's fee" pursuant to the prior construction canon. *See Fla. Hwy. Patrol v. Jackson*, 2020 WL 370366 (Fla. Jan. 23, 2020) ("The prior construction canon teaches that, when judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well.") (citations and internal quotation marks omitted); Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 322 (2012) (under the prior construction canon, "[i]f a statute uses words or phrases that have already received authoritative construction by the jurisdiction's court of last resort . . . they are to be understood according to that construction.").

Here, the first fees order properly applied *Rowe*'s lodestar approach to compute *the plaintiff's reasonable attorney's fee* under section 57.105.

The circuit court found the plaintiff's attorney reasonably expended 683.51 hours at a reasonable hourly rate of $500 for a total of $341,775.

However, the circuit court's second fees order, though ostensibly applying a lodestar approach, multiplied *the insurer's attorney's hours expended* (600 hours) times *the plaintiff's attorney's reasonable hourly rate* ($500 per hour) to award the plaintiff an additional $300,000 as a sanction against the insurer under section 57.105. Neither section 57.105's plain language, nor any case interpreting section 57.105's plain language, provides for any such additional sanction.

It would have been permissible for the circuit court to have considered the insurer's attorneys' hours expended in determining the reasonableness of *the plaintiff's attorney's fees* in the first fees order. *See Paton v. GEICO Gen. Ins. Co.*, 190 So. 3d 1047, 1053 (Fla. 2016) ("We hold that the hours expended by counsel for the defendant insurance company in a contested claim for attorney's fees . . . is relevant to the issue of the reasonableness of time expended by counsel for the plaintiff . . . ."). However, we know of no authority which would have permitted the circuit court to have awarded the plaintiff not only her reasonable attorneys' fees, but also an additional punitive amount equivalent to the insurer's attorneys' hours expended, as a sanction under section 57.105.

We also conclude the insurer did not waive its right to appeal the second fees order by not challenging the reservation of jurisdiction in its appeal from the first fees order. The law of the case doctrine does not preclude the insurer's appeal of the second fees order.

"The law-of-the-case doctrine is the long-established principle that the questions of law *decided on appeal* to a court of ultimate resort must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." *Delta Prop. Mgmt. v. Profile Invs., Inc.*, 87 So. 3d 765, 770 (Fla. 2012) (emphasis added; citation and internal quotation marks omitted). "The law of the case doctrine applies only if the defendant is raising *the same legal issue and the issue was actually decided on appeal.*" *Betty v. State*, 7 So. 3d 586, 587 n.1 (Fla. 4th DCA 2009) (emphasis added).

The insurer's challenge to the circuit court's first fees order did not identify the reservation of jurisdiction to award an additional amount as an issue on appeal, and we did not decide the reservation of jurisdiction issue in that appeal. Nor could we, as that portion of the first fees order reserving jurisdiction to award an additional amount was not appealable at that time. *See Alexopoulos v. Gordon Hargrove & James, P.A.*, 109 So.

3d 248, 250 (Fla. 4th DCA 2013) ("[O]rders awarding attorneys' fees are only final and therefore appealable once the trial court has set the *amount* of those fees. An order merely finding *entitlement* to attorneys' fees is a non-final, non-appealable order.") (emphasis in original). Only when the plaintiff sought to invoke the court's reservation of jurisdiction, leading to the circuit court's second fees order awarding the additional $300,000 to the plaintiff, did the insurer have a basis to appeal from first fees order's reservation of jurisdiction.

## *Conclusion*

Based on the foregoing, we reverse those portions of the second fees order which awarded the plaintiff the additional $300,000 as a sanction under section 57.105. We remand for the circuit court to enter an amended second fees order which: (1) in paragraph 4, deletes the fourth sentence which reads, "The Sec. 57.105 Florida Statutes sanctions found reasonable by the Court in the final judgment, 600 hours at the hourly rate found by the Court of $500.00, is the amount of $300,000."; (2) deletes the entire paragraph which reads, "***CHECK NUMBER TWO: Safeco Insurance Company of Illinois, aka Safeco Insurance Company of Illinois, Inc., within 10 days*** shall tender payment to the Ken Cooper Trust account in the amount of **$301,500.00** [Remaining 57.105 sanction plus the reasonable expert fee of $1,500 for CPA Michael Borkowski]"; and (3) replaces that paragraph with "***CHECK NUMBER TWO: Safeco Insurance Company of Illinois, aka Safeco Insurance Company of Illinois, Inc., within 10 days*** shall tender $1,500.00 to the Ken Cooper Trust account as the reasonable expert fee for CPA Michael Borkowski." Other than the foregoing, and the date on which the amended second fees order is entered, the remainder of the original second fees order shall not be further amended.

*Reversed and remanded with instructions.*

LEVINE, C.J., and MAY, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***