DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

FLORIDA HOMEOWNER EQUITY AND LOST PROPERTY, LLC,

Appellant,

v.

JAY D. PASSER, Attorney, Administrator, and Guardian Ad Litem;
NATALIE CHRISTINE FAIRCHILD as personal representative of the
Estate of William A. Fairchild a/k/a William Alfred Fairchild, deceased;
CONSOLIDATED DEBT RECOVERY SERVICES; and U.S. BANK
NATIONAL ASSOCIATION, as Trustee for BNC Mortgage Loan Trust
2006-2, Mortgage Pass-Through Certificates Series 2006-2,

Appellees.

No. 2D2023-2272

———————————————

December 13, 2024

Appeal from the Circuit Court for Hillsborough County; Emily A.
Peacock, Judge.

Kevin J. Loftus of The Loftus Firm, LLC, Jacksonville, for Appellant.

Jay D. Passer, pro se.

No appearance for remaining Appellees.

BLACK, Judge.

Florida Homeowner Equity and Lost Property, LLC (Florida HELP),
appeals from the order granting attorney Jay Passer's ore tenus request

for the trial court to "on its own initiative" pursuant to section 57.105(1), Florida Statutes (2022), award Mr. Passer attorney's fees for his time in the underlying action.[1]  We affirm in part and reverse in part.

Mr. Passer had been appointed to represent the unknown heirs of the decedent in a probate action involving foreclosed property and surplus funds.  Thereafter, Natalie Fairchild was determined to be the sole heir of the decedent; it appears, however, that Mr. Passer remained the appointed representative of any unknown heirs.  At the September 2023 hearing on Natalie Fairchild's motion for section 57.105(2) fees, discussed in further detail in *Loftus v. Fairchild*, No. 2D2024-0090, 2024 WL 4498646 (Fla. 2d DCA Oct. 16, 2024), Mr. Passer made a request for fees, stating, "[J]ust as an ancillary matter, I'd like to respectfully request that the Court consider on its own initiative my attorney's fees under section 57.105, paragraph 1."  Following questioning by Florida HELP's counsel, during which Mr. Passer confirmed that he was making an ore tenus motion for fees and that he had not provided an affidavit of hours or other support for his fees, the court orally pronounced that it was awarding Mr. Passer his fees.[2]

The order on review reiterates that Mr. Passer made an ore tenus motion for attorney's fees, citing section 57.105(1), and that his request for fees is granted in the amount of $4,890.

---

[1] The order granting Mr. Passer's ore tenus motion awarded attorney's fees in his favor and against Consolidated Debt Recovery Services and Florida HELP, jointly and severally.  Consolidated Debt Recovery Services did not appeal from the order.

[2] The court asked Mr. Passer how many hours he had worked on the case, and Mr. Passer responded with a "ballpark" figure of twenty hours.  After awarding Mr. Passer fees, the court directed Mr. Passer to provide an affidavit in support of his fees.

Section 57.105(1) provides, in relevant part, that reasonable attorney's fees shall be awarded "[u]pon the court's initiative or motion of any party" under certain circumstances. Where it is a party moving for fees, the party's motion "must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." § 57.105(4). There is no question that Mr. Passer did not comply with section 57.105(4). And "a trial court commits reversible error when it grants a motion for sanctions that fails to comply with the safe harbor provision in section 57.105(4)." *Fantauzzi v. Fleck*, 385 So. 3d 1098, 1103 (Fla. 2d DCA 2024) (citing *Rivera Chiropractic, Inc. v. Rosello*, 336 So. 3d 409, 413 (Fla. 2d DCA 2022)).

Further, the record does not support that the trial court awarded fees on its own initiative. *Cf. Koch v. Koch*, 47 So. 3d 320, 324 (Fla. 2d DCA 2010) ("Mrs. Koch's contention that the trial court did not award sanctions on its own initiative is contradicted by the record."). The order itself contradicts such a conclusion, providing that "[t]he request for attorney fees" is granted, having come before the court "upon the ore tenus request for attorney fees by" Mr. Passer. *See George v. Gilbert*, 268 So. 3d 780, 784 (Fla. 4th DCA 2019) ("[A]t no point did the circuit court indicate that its order was being initiated on its own motion under section 57.105 . . . .").

The order granting attorney's fees in favor of Mr. Passer and against Florida HELP and Consolidated Debt Recovery Services, jointly and severally, is reversed as to Florida HELP.

Affirmed in part; reversed in part; remanded.

3

VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.